### (January 27, 1970)

■ In the Matter of SAM BLOCK et al., Doing Business Under the Name of SAGAMORE APARTMENTS, Appellants, v. TAX COMMISSION OF THE CITY OF NEW YORK, Respondent.— Final judgment, entered on May 17, 1966, reducing assessments for tax years 1963–64 and 1964–65, unanimously modified on the law and on the facts and the total assessments for each of said years is further reduced to $315,000, with $50 costs and disbursements to the appellants. We find that the land was properly assessed at $75,000 for each of the years in question, but that the value of the subject building, even as reduced by the Special Referee, was over-assessed. Since the petitioners' building was subject to rent control the Referee erred in disregarding the actual rents collected in determining building value. Clearly, " the actual rents received from tenants   *   *   *   is a better guide to follow than the estimated income testified to by the   *   *   *   [city's] expert " (Matter of New York Cent. R. R. Co. v. Tax Comm., 26 A D 2d 543.) Where a building is subject to rent control the surest guide to a fair estimate of rental value is "the controlled rents". (Matter of City of New York [Maxwell], 15 A D 2d 153, 161.) Further, petitioners' objections to the items eliminated by the city's accountants from its expense figures are valid. Moneys expended for roof repairs, amortized over the period of 10 years, is properly deductible at the yearly rate of $205. Expenditures for boiler repairs or replace-

ment and for legal and auditing services are clearly deductible from income under any reasonable test. Likewise, a management fee at the rate of 5% is justified by this record, as is the capitalization rate of 8%, as suggested by the city's expert. Settle order on notice. Concur — Eager, J. P., Capozzoli, Markewich and McNally, JJ.